UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASSANDRA J. GAGE,

      Plaintiff,

vs.

                                        CASE NO.: 8:09-cv-2210-EAK-AEP

THE NIELSEN COMPANY (US), LLC

      Defendant.

_____/

**DEFENDANT, THE NIELSEN COMPANY (US), LLC'S
ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT**

      Defendant, The Nielsen Company (US), LLC ("Nielsen"), by and through its undersigned counsel, responds to Plaintiff's Complaint and Demand for Jury Trial as follows:

      1.    Admitted only that the Plaintiff is attempting to allege claims for pay discrimination under the Equal Pay Act ("EPA"). Denied that any actions of this Defendant give rise to liability.

      2.    Without knowledge and therefore denied.

      3.    Admitted.

      4.    Admitted only that Plaintiff is alleging entitlement to an amount that exceeds $15,000.00.

      5.    Admitted.

      6.    Admitted.

      7.    Denied.

8.  Admitted only that Plaintiff alleges that she has hired the undersigned attorneys and has agreed to pay them a fee.

## Count I

9.  Defendant realleges and incorporates its responses to 1-8 above as if fully set forth herein.

10. Denied.

11. Denied.

12. Denied that Plaintiff is entitled to any of the relief requested in her wherefore clause.

13. Any allegations not specifically admitted are denied.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

No conduct attributable to Defendant was willful, so Plaintiff is not entitled to liquidated damages.

### SECOND DEFENSE

Any pay differential existing between Plaintiff and any similarly situated male was based on a merit system.

### THIRD DEFENSE

Any pay differential existing between Plaintiff and any similarly situated male was based on a system which measures earnings by quantity or quality of production.

### FOURTH DEFENSE

Any pay differential existing between Plaintiff and any similarly situated male was based on factors other than sex.

2

## FIFTH DEFENSE

Plaintiff suffered no adverse employment action or economic consequences because of any alleged discrimination by Defendant.

## SIXTH DEFENSE

Some or all of Plaintiff's allegations may be barred by a statute of limitations.

## SEVENTH DEFENSE

Plaintiff's claim is barred by her execution of a release and covenant not to sue supported by adequate consideration.

## EIGHTH DEFENSE

Plaintiff's claim should be dismissed because she failed to tender back the consideration paid to release all claims relating to her employment.  Alternatively, Defendant should receive a setoff for all amounts paid to Plaintiff under the Severance Agreement and Release.

## NINTH DEFENSE

Defendant reserves the right to assert further affirmative defenses as identified through discovery.

WHEREFORE, having answered, Defendant prays that this Court enter judgment in its favor, including reasonable costs, attorneys' fees, and such other relief as may be just and proper.

Respectfully submitted,

s/Cathy J. Beveridge, Esq._____
Cathy J. Beveridge, Esq.
Florida Bar No: 0831018
FOWLER WHITE BOGGS P.A.
P.O. Box 1438
Tampa, FL 33601
(813) 228-7411
Fax No: (813) 229-8313
Email: cbeveridge@fowlerwhite.com

Attorney for Defendant
The Nielsen Company (US), LLC

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 20, 2009, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to Luis A. Cabassa, Esq., Wenzel Fenton Cabassa P.A., 1110 N. Florida Avenue, Suite 300, Tampa, Florida 33602.

s/Cathy J. Beveridge, Esq._____
Cathy J. Beveridge

42399840v1